IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PAUL DENNIS YOUNGKIN,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner, Social Security Administration,[1]<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT & RECOMMENDATION**<br><br>Case No. 4:20-cv-00099-JNP-PK<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Paul Kohler |

Magistrate Judge Paul Kohler's Report and Recommendation[2] under 28 U.S.C. § 636(b)(1)(B) recommends affirming the Commissioner's decision denying Plaintiff Paul Dennis Youngkin's ("Youngkin") claim for social security disability benefits and supplemental security income.

De novo review has been completed of those portions of the report, proposed findings, and recommendations to which objection was made, including the record that was before the Magistrate Judge and the reasoning set forth in the Report and Recommendation.[3]

Under de novo review in a social security case, the district court judge, like the magistrate judge, reviews the commissioner's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[4] "Substantial evidence is such relevant evidence as a reasonable mind

---

[1] Pursuant to Fed. R. Civ. P. 25(d) and 42 U.S.C. § 405(g), Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

[2] Docket no. 30, filed April 13, 2022.

[3] 28 U.S.C. § 636(b).

[4] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

might accept as adequate to support a conclusion."[5] "It requires more than a scintilla, but less than a preponderance."[6] The court will not reweigh the evidence or substitute its judgment for the commissioner's.[7]

Youngkin objects to the Magistrate Judge's findings that the ALJ was permitted to omit discussion of PA Kevin Anderson's ("Anderson") April 2019 opinion for being largely similar to previous Anderson opinions that the ALJ did discuss.[8] Specifically, Youngkin argues that Anderson's April 2019 opinion is not largely similar to Anderson's prior opinions, that the regulations required the ALJ to at least mention the April 2019 Anderson opinion, and that the ALJ did not sufficiently consider the fluctuation of Plaintiffs condition as part of a larger failure to consider all of opinions from each medical source.[9] None of Youngkin's objections constitute reversible error or demonstrate that the decision of the commissioner is unsupported by substantial evidence or based on incorrect legal standards.

The ALJ was not required to mention every opinion of each medical source, including Anderson. The regulations allow that the medical opinions from a particular medical source to be handled "together in a single analysis" and did not require the ALJ to "considered each medical opinion" coming "from one medical source individually."[10] The ALJ was required to discuss each medical source, not each medical opinion.[11] Here, the ALJ did as required—the ALJ

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] Objection to Report and Recommendation [Docket No. 30] ("Objection"), docket no. 31, filed April 26, 2022.

[9] Objection at 2-3.

[10] 20 C.F.R. § 404.1520c(b)(1).

[11] *Id.*

performed a single analysis of the opinions of Anderson.[12] In that single analysis, the ALJ discussed or specifically referenced medical evidence and opinion connected to Anderson's interaction with Youngkin on November 29, 2017; December 10, 2018; and January 4, 2019.[13] The ALJ's synthesized analysis wholly rejected Anderson's opinion that Youngkin needed more restrictive limitations because that opinion was not supported by the medical evidence and inconsistent with the opinions of Drs. Barton, Stevens, and Maric.[14] The ALJ's analysis of Anderson's opinions is consistent with the regulatory requirements.[15]

Youngkin's self-serving comparison of PA Anderson's medical opinions does not demonstrate any legal error.[16] Youngkin argues that Anderson's April 2019 opinion was not similar to Anderson's prior opinions because the April 2019 Anderson opinion was more restrictive than prior opinions; Youngkin specifically points to April 2019 notes that Youngkin was restricted to less than nineteen hours a week at work and restricted against lifting more than five pounds.[17]

First, as explained above, the ALJ was not required to articulate how it considered each of Anderson's medical opinions. Only a single source-level analysis was required—which the ALJ performed. Second, the ALJ's analysis clearly rejected all of Anderson's opinions that Youngkin should have more restrictive limitations because they were unsupported by the

---

[12] R.24.

[13] R.24 (The ALJ cited to Ex. 10F related to a PA Anderson November 29, 2017 opinion; Exs. 13F at p. 10 and 27F at p. 1 which are both related to a PA Anderson January 4, 2019 assessment, and Ex. 28F which relates to a December 10, 2018 PA Anderson assessment).

[14] R.24.

[15] 20 C.F.R. § 404.1520c(b)(1).

[16] Objection at 2.

[17] Objection at 2.

medical evidence and inconsistent with the opinions of three other doctors.[18] That is all that was required of the ALJ. But even assuming the ALJ had to individually address all of Anderson's medical opinions—which the ALJ was not required to do— the April 2019 notations Youngkin points to could just as reasonably be read as Anderson's notation of Youngkin's self-reported restrictions during the assessment and not new direction or opinion from Anderson.

A careful review of the clinic notes from the April 24, 2019 interaction between Anderson and Youngkin show that the more restrictive limitations Youngkin points to do not clearly appear to be prospective direction from Anderson or based on new medical evidence.[19] The restrictions do not appear in the section of the clinic notes titled "Assessment/Plan." In contrast, the "Assessment/Plan" section, Anderson does list new direction given to Youngkin, written in first-person such as noting that "I suggested the patient do some walking" and "[a]dvised the patient on ways to tighten up his diet."[20] Nor do the restrictions appear in the "Physical Exam" portion of the clinic notes where Anderson, again in first-person, notes discussion with Youngkin: "Of note his weight is 140 kg which I discussed with the patient is up significantly . . . ."[21] Instead, the restrictions appear in the illness history section of the of the clinic, are written in past-tense and written in the third-person: "[Youngkin's] been limited to less than 19 hours a week and has been told that he shouldn't lift over 5 pounds."[22] Taken in context, these limitations are just as reasonably read to be Anderson noting what Youngkin self-

---

[18] R.24.

[19] R.1572.

[20] R.1571.

[21] R.1572.

[22] *Id.*

reported to Anderson at the assessment as they are read to be new restrictions from Anderson.[23] Additionally, while not identical, the restrictions in Anderson's April 2019 notes are largely similar to Anderson's other described restrictions.[24] Importantly, Youngkin fails to point to any new medical evidence from the April 2019 visit notes that support additional restrictions or that are inconsistent with prior medical findings. Regardless, the ALJ was not required to mention the April 2019 opinion of Anderson individually and the ALJ already rejected Anderson's similarly restrictive limitations in his decision.[25]

Youngkin also argues that the ALJ did not appropriately consider the variable nature of his medical condition.[26] This argument is primarily an invitation to reweigh the medical evidence to suit Youngkin's preferred outcome. This court declines to do so. As outlined above, the appropriate role of a reviewing court is to determine if the commissioner's "factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[27] The court will not reweigh the evidence or substitute its judgment for the commissioner's.[28]

The factual findings of the Commissioner are supported by substantial evidence and the correct legal standards were applied. Therefore, the analysis and conclusion of the Magistrate Judge are accepted and the Report and Recommendation[29] is adopted. The Commissioner's decision is **AFFIRMED**.

---

[23] *See* R.1571-74.

[24] *Compare* R.1571-74 to R.906-07, R.865-66, and R.1576.

[25] R.24.

[26] Objection at 2-3.

[27] *Lax*, 489 F.3d at 1084.

[28] *Id.*

[29] [Docket no. 30](Docket no. 30), filed April 13, 2022.

## ORDER

IT IS HEREBY ORDERED that the Report and Recommendation[30] is ADOPTED and the Commissioner's decision is **AFFIRMED**.

The Clerk shall close the case.

Signed September 23, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Judge

---

[30] Docket no. 30, filed April 13, 2022.